UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| I LOVE AMIGUITA, INC. and J & N PUBLISHING d/b/a JUAN & NELSON PUBLISHING,<br><br>Plaintiffs,<br><br>-against-<br><br>SALON DEGOLLADO & SPECIAL EVENTS, LLC and CINTHYA PRIETO MACIAS,<br><br>Defendants. | Civil Action No. 1:26-cv-1225<br><br>**COMPLAINT** |

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege four (4) causes of action for copyright infringement based on Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint and incorporated herein by reference, sets forth in summary form the allegations hereinafter made with respect to Plaintiffs, its copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Salon Degollado & Special Events, LLC ("SDSE"), is a limited liability company organized under the laws of North Carolina, with a principal place of business located at 4922 Mary Street, Greensboro, North Carolina 27409.

6. At all times hereinafter mentioned, SDSE did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Macarena's Nightclub, located at 4922 Mary Street, Greensboro, North Carolina 27409.

7. Musical compositions were and are publicly performed at Macarena's Nightclub.

8. On information and belief, defendant Cinthya Prieto Macias ("Macias" and, together with SDSE, the "Defendants") is an individual who resides or does business in this District.

9. On information and belief, Macias is an officer, managing member, and/or owner of SDSE.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

10. At all times hereinafter mentioned, Macias was, and still is, responsible for the control, management, operation, and maintenance of the affairs of SDSE.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Macarena's Nightclub, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Macarena's Nightclub.

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. Each Plaintiff is a member of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more one million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact Defendants, or their representatives, agents, or employees, to offer an

ASCAP license for Macarena's Nightclub. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

16. Defendants have refused all of ASCAP's license offers for Macarena's Nightclub.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Macarena's Nightclub constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Macarena's Nightclub including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

19. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Macarena's Nightclub, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

20. For each cause of action, the original musical composition listed in Column 3 of Schedule A was created and written by the person(s) named in Column 4 of Schedule A for that cause of action.

21. For each cause of action, the original musical composition listed in Column 3 of Schedule A was published on the date stated in Column 5 of Schedule A, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

22. For each cause of action, the Plaintiff(s) named, including its predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6 of Schedule A.

23. Defendants on the dates specified in Column 7 of Schedule A, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 of Schedule A by performing publicly such compositions at Macarena's Nightclub, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Macarena's Nightclub of Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 of Schedule A were unauthorized: neither Defendants, nor any of Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from Plaintiffs, or any agent, servant, or employee of Plaintiffs, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Macarena's Nightclub include the performances of the four copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, each Plaintiff named in a cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of Defendants have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, Plaintiffs will suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs respectfully request:

1. That Defendants and all persons acting under the direction, control, permission, or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Macarena's Nightclub, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

3. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

4. For such other and further relief as may be just and equitable.

Respectfully submitted this 19th day of October, 2026.

*<u>/s/ Michael J. Allen</u>*
Michael J. Allen
NC State Bar No. 18030
Carruthers & Roth, P.A.
235 N. Edgeworth Street
P O Box 540 (27402)
Greensboro, NC 27401
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
mja@crlaw.com

*Attorney for Plaintiffs*